■ PAUL SAGE, Respondent-Appellant, v HARRIS POLANSKY et al., Appellants-Respondents. [673 NYS2d 614] —In an action for a judgment declaring the parties' rights under a partnership agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 18, 1997, as, upon granting the plaintiff's motion to correct or modify a prior order of the same court, dated March 15, 1996, which, *inter alia,* upheld the arbitrability of the agreement except that the plaintiff's ability to practice law was excluded from arbitration, amended the earlier order to provide that the plaintiff may not be precluded from being paid his agreed-upon retirement income while he continues to practice law, and the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We agree with the Supreme Court that the parties' partnership agreement contained an unenforceable provision which improperly restricted the plaintiff's practice of law upon his retirement (*see,* Code of Professional Responsibility DR 2-108 [A] [22 NYCRR 1200.13 (a)]; *see generally, Cohen v Lord, Day & Lord,* 75 NY2d 95) and further implicated the prohibition against sharing legal fees with non-attorneys (*see,* Code of Professional Responsibility DR 3-102 [22 NYCRR 1200.17]; *see also,* Judiciary Law § 491). Copertino, J. P., Thompson, Sullivan and Friedmann, JJ., concur.